UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:11-CR-149-BR
No. 5:13-CV-115-BR

| | |
|---|---|
| ROBERTO PABLO GUTIERREZ, )<br>  Petitioner, )<br> )<br> v. )<br> )<br>UNITED STATES OF AMERICA, )<br>  Respondent. ) | ORDER |

This matter is before the court on the 23 December 2013 Memorandum and Recommendation ("M&R") of U.S. Magistrate Judge William A. Webb. (DE # 100.) Petitioner has filed objections to the M&R, to which the government filed a response. (DE ## 101, 102.)

In 2011, petitioner was convicted by a jury of conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. In January 2012, the court sentenced petitioner to 292 months imprisonment. On appeal, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. (DE # 62.)

In February 2013, petitioner timely filed *pro se* a motion to vacate his conviction and sentence pursuant 28 U.S.C. § 2255. (DE # 66.) On the government's motion to dismiss, which the court treated as a motion for summary judgment, the court dismissed petitioner's second claim which was based on the court's inquiry at sentencing into petitioner's complaint about counsel. (DE # 74.) Pursuant to 28 U.S.C. § 636(b) and Rule 8 of the Rules Governing Section 2255 Proceedings, the court referred petitioner's first and third claims, based on ineffective assistance of counsel, to Judge Webb to hold an evidentiary hearing and to file proposed findings

of fact and recommendation for disposition. (Id.) The court appointed counsel to represent petitioner for purposes of the hearing. (Id.)

On 15 November 2013, Judge Webb presided over the evidentiary hearing at which petitioner, his former counsel Chris Shella, and Special Assistant United States Attorney Shawn Evans testified. With Judge Webb's permission, the parties filed supplemental briefs. (DE ## 97, 98.) Judge Webb recommends that the § 2255 motion be denied. (M&R, DE # 100, at 15.) In short, he credits Shella's testimony over petitioner's testimony. (See id. at 13-14.) He concluded that petitioner failed to establish that Shella was ineffective as to the decision to plead not guilty (i.e., petitioner's first claim) and by failing to provide any discovery to petitioner until the first day of trial (i.e., petitioner's third claim). (Id.) Additionally, Judge Webb concluded that even crediting petitioner's testimony that Shella did not provide discovery to him until the first day of trial, petitioner was not prejudiced thereby because petitioner did not dispute the accuracy of the discovery or indicate how earlier receipt of the discovery would alter the outcome of the case. (See id. at 14.)

Petitioner objects to Judge Webb's findings that (1) petitioner's testimony was "'totally and utterly unbelievable'" based on the conclusion that petitioner testified inconsistently, (Obj., DE # 101, at 1 (quoting M&R, DE # 100, at 13)), and (2) Shella's testimony was "'straightforward and believable'" in spite of Shella's failure to maintain records of his communications with, and advice to, petitioner, (id. at 6 (quoting M&R, DE # 100, at 13)). This court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also R. Gov. 2255 Proceed. 8(b). The court "may accept, reject, or modify, in

2

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Giving appropriate deference to Judge Webb's credibility findings, see United States v. Davis, 939 F. Supp. 2d 535, 539 (E.D.N.C. 2013) ("While a '*de novo* determination is not necessarily the same as a *de novo* hearing . . . even as to those findings based on the magistrate's judgment as to the credibility of the witnesses before him,' 'it is unlikely that a district judge would reject a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal.'" (citations omitted) (omission in original)), and having thoroughly reviewed the record in this proceeding, including the transcript of the evidentiary hearing and evidence submitted in connection therewith, the court concludes that plaintiff has failed to prove by a preponderance of the evidence that trial counsel acted deficiently. See Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965) (dissent) ("This [28 U.S.C. § 2255 proceeding] being a civil action we begin with the proposition that the burden of proof is upon the petitioner to establish the allegations of his petition by a preponderance of evidence." (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). Shella explained without equivocation, that from the beginning of his representation of petitioner, he advised petitioner to plead guilty; he read "word for word" to petitioner the plea agreement provided by the government; he explained to petitioner the potential benefits of pleading guilty, including a reduced sentence; he informed petitioner that he was facing ten years to life imprisonment; he did not instruct petitioner how to plead at arraignment; and he reviewed written discovery with petitioner prior to trial. While petitioner attempts to explain the inconsistencies in his testimony, (see Obj., DE # 101, at 1-4), even assuming there were none, Shella's version of events could be

3

believed over petitioner's. Shella's representation of petitioner was objectively reasonable, and therefore, as to both claims of ineffective assistance of counsel, petitioner has failed to meet the first prong of the Strickland test. See Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir. 2010) ("With respect to the first prong of the *Strickland* test, [the habeas corpus petitioner] 'must show that counsel's performance fell below an objective standard of reasonableness.'" (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

Alternatively as to petitioner's third claim, i.e., ineffective assistance of counsel based on counsel's failure to provide petitioner with discovery until trial, the court notes that petitioner has not lodged an objection to Judge Webb's finding that even if petitioner's testimony was credible, petitioner has failed to show how he was prejudiced. Therefore, as to his third claim, petitioner has failed to meet the second prong of the Strickland test. See id. ("Under the second prong of the [Strickland] test, [the habeas corpus petitioner] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting Strickland, 466 U.S. at 694)).

For the foregoing reasons, the court ADOPTS sections II.B., II.C., and III. of the M&R as its own. Petitioner's § 2255 motion is DENIED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 24 March 2014.

_____
W. Earl Britt
Senior U.S. District Judge